**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MISTY ZOMBIE,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>　　　　　　Defendant-Appellee. | No. 21-35216<br><br>D.C. No. 3:20-cv-05273-MLP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted June 7, 2022[**]
Portland, Oregon

Before: EBEL,[***] W. FLETCHER, and CLIFTON, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Claimant Misty La Verne Collier Zombie ("Zombie") appeals from the district court's ruling affirming the Commissioner of Social Security's denial of her application for disability benefits. Zombie contends that the Administrative Law Judge ("ALJ") improperly discounted both (1) her subjective testimony about the severity of her symptoms, and (2) the opinion of an examining physician, Dr. Kim Wheeler.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We "review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

1. In her application for benefits and in her testimony before the ALJ, Zombie stated that she could not be left unsupervised for more than fifteen minutes because of her seizures; that her chronic pain prevented her from standing or sitting for more than fifteen minutes at a time; that she had no feeling in her hands; and that her mental health conditions prevent her from going outside.

Substantial evidence supports the ALJ's finding discounting the statements in Zombie's application and in her testimony. Where, as here, an ALJ finds that the claimant's underlying impairments "could reasonably be expected to produce

2

the pain or symptoms alleged," "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear[,] and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (first quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc); and then quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ did so here. He wrote that Zombie's testimony about her physical and mental limitations was not consistent with the medical record.

Treatment notes by Zombie's treating physician, Dr. David Woolever, show that Zombie reported that her medications drastically reduced her chronic pain, stabilized her epilepsy, and managed her mental health conditions. Further, an "ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Zombie consistently reported that her physical and mental impairments were sufficiently controlled to permit her to do activities of daily living such as housework, cooking, shopping, and even rafting and camping.

2. To support her claim of disability, Zombie relies on the opinion of an examining psychologist, Dr. Kim Wheeler. Dr. Wheeler examined Zombie and

3

concluded that Zombie would have marked difficulty "[p]erforming activities within a schedule, maintain[ing] regular attendance," "[c]ommunicat[ting] and perform[ing] effectively in a work setting," and more.

For applications filed before March 27, 2017, such as Zombie's, an ALJ may reject the contradicted opinion of an examining health care provider only "by providing specific and legitimate reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). The ALJ gave two reasons for discounting Dr. Wheeler's opinion. Although the first reason provided by the ALJ was not a legitimate reason to discount Dr. Wheeler's opinion, the ALJ's second reason is sufficiently specific and is supported by substantial evidence. The ALJ found that Zombie's "presentation to Dr. Wheeler [wa]s inconsistent with her representations to treating personnel." Zombie's reporting of her mental health symptoms to Dr. Wheeler is not supported by the medical record. Both before and after she met with Dr. Wheeler, Zombie repeatedly reported that her seizures were well managed, stated that her anxiety and depression were stabilized, and denied experiencing hallucinations on at least one occasion. A treating nurse consistently assessed Zombie's mental status to be "grossly normal," and found that Zombie displayed normal thought processes, thought content,

4

speech, and judgment. At one visit, Zombie had reported that her mental health conditions made it "not difficult at all" to work, do housework, and get along with other people. At best, this evidence is "susceptible to more than one rational interpretation," so under the substantial evidence standard we must uphold the ALJ's conclusion. *Tommasetti*, 533 F.3d at 1038.

**AFFIRMED.**